UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| RAYMOND Z. POYNTER, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 6:24-cv-00060-GFVT |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| NATIONAL CASUALTY CO., | ) | **&** |
| | ) | **ORDER** |
| Defendant. | ) | |

*** *** *** ***

Mr. Poynter was a passenger in a truck that crashed. Injured, he sued the driver's estate in state court. Though that action remains pending, Poynter asks this Court to issue a declaratory judgment that the truck's owner's insurer is obligated to provide him with bodily injury coverage. Because Mr. Poynter's Complaint requests an "opinion advising what the law would be upon a hypothetical state of facts[,]" National Casualty's Motion to Dismiss **[R. 4]** is **GRANTED**. *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 241 (1937).

**I**

In February 2020, Plaintiff Raymond Poynter was a passenger in a pickup truck owned by Charles and Stella Alexander, d/b/a Southside Auto Sales.[1] [R. 1 at 2.] The truck, driven by Courtney Duff, was "involved in a single-vehicle [] collision." *Id.* Mr. Poynter was injured. *Id.*

Southside Auto Sales is insured by Defendant National Casualty Company. *Id.* at 3. Its Policy provides that "[National Casualty] will pay all sums an 'insured' legally must pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies, caused

---

[1] The facts recounted here are taken from Mr. Poynter's Complaint. [R. 1.]

by an 'accident' and resulting from the ownership, maintenance or use of covered 'autos.'" *Id.* The Policy defines an "insured" as, *inter alia*, "[a]nyone else while using with your permission a covered 'auto' you own[.]" *Id.*

Plaintiff Poynter alleges that David Pigg, Sr. had permission from Southside Auto to use the truck. *Id.* at 2. Pigg Sr. kept the truck parked in his garage. *Id.* That garage adjoined an apartment where his son, David Pigg Jr., resided. *Id.* At the time of the accident, Mr. Pigg Jr. was engaged to be married to Courtney Duff (the truck's driver). *Id.* at 3. Although not mentioned in the Complaint, the record suggests that Ms. Duff passed away as a result of the accident. [R. 4-1 at 2.]

In January 2022, Plaintiff Poynter filed suit against Courtney Duff's Estate, National Casualty, and other defendants in Rockcastle Circuit Court. [R. 1 at 3.] In this court, Poynter seeks a declaratory judgment that "National Casualty Company is obligated to provide bodily injury coverage under the Policy in relation to the February 1, 2020 motor vehicle collision pursuant to Kentucky's 'initial permission rule' adopted in *Mitchell v. Allstate Insurance Company*, 244 S.W.3d 59 (Ky. 2008)." *Id.* at 4. The initial permission rule provides that "as long as permission is initially given to a person to use a vehicle, insurance coverage may extend to subsequent vehicle users through the language of the omnibus clause as long as those subsequent users have permission from the initial borrower to use the vehicle." *Mitchell*, 244 S.W.3d at 65.

In other words, Mr. Poynter suggests that Duff is considered an insured under the Policy because "Pigg, Sr. gave permission to Duff to use the Silverado, or in the alternative, Pigg, Sr. gave permission to Pigg, Jr. to use the Silverado, who subsequently gave Duff permission to use the Silverado." [R. 1 at 4.] Now, Defendant National Casualty moves to dismiss the Complaint,

2

asserting that Plaintiff Poynter lacks a live controversy within the meaning of the Declaratory Judgment Act. [R. 4.]

## II

Because National Casualty's challenge is a jurisdictional one, the Court will construe its Motion to Dismiss as a Motion under Rule 12(b)(1). *See Primax Recoveries, Inc. v. Gunter*, 433 F.3d 515, 517 (6th Cir. 2006) ("[Rule 12(b)(1)] determines whether the plaintiff has a right to be in the particular court and [Rule 12(b)(6)] is an adjudication as to whether a cognizable legal claim has been stated.") (quoting 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1350 (3d ed. 2004))). Federal Rule of Civil Procedure 12(b)(1) provides that a defendant may assert lack of subject-matter jurisdiction as a defense. A motion to dismiss under Rule 12(b)(1) challenges the Court's power to hear the case before it. When jurisdiction is challenged under this rule, the burden is on the plaintiff to prove that jurisdiction exists. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996).

### A

The Declaratory Judgment Act gives federal courts the authority to "declare the rights and other legal relations of any interested party seeking such declaration[.]" 28 U.S.C. § 2201(a). But a plaintiff's mere invocation of the Act is not a per se justification for federal jurisdiction. *See Skelly Oil Co. v. Phillips Petroleum Co.,* 339 U.S. 667, 671–72 (1950) ("[T]he operation of the Declaratory Judgment Act is procedural only.") (internal citation omitted). Rather, a federal court must be presented with "a case of actual controversy" before it can grant a declaratory judgment. § 2201(a).

Moreover, "[d]eclaratory judgment actions often require courts to face the difficult task of distinguishing 'between actual controversies and attempts to obtain advisory opinions on the

basis of hypothetical controversies.'" *TCI/TKR Cable v. Johnson*, 30 F. App'x 581, 583 (6th Cir. 2002) (quoting *Kardules v. City of Columbus*, 95 F.3d 1335, 1343–44 (6th Cir. 1996)).

The "actual controversy" prerequisite "mirrors the constitutional requirement that the federal district courts adjudicate only actual 'cases' or 'controversies.'" *Id.* (citing *Brennan v. Rhodes*, 423 F.2d 706, 706–07 (6th Cir. 1970))). This limitation demands "a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Golden v. Zwickler*, 394 U.S. 103, 108 (1969). "The controversy must be definite and concrete," such that it permits "specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240–41 (1937).

This Court previously dismissed a purported direct action against an insurer when a tort suit remained pending against the insured in state court. *See Burns v. Am. Fire & Cas. Co.*, No. 3:21-CV-00007-GFVT, 2022 WL 289159, at *2 (E.D. Ky. Jan. 31, 2022). There, no controversy existed because the insurer's ostensible liability hinged on multiple contingencies, including a state court judgment that had not yet been entered. *Id.* Further, the *Burns* plaintiffs pursued a direct action against an insurer. *Id.* Because such an action is patently prohibited in Kentucky, they could not make out an actual controversy justifying the requested relief. *Id.*

**B**

The alleged controversy here is similarly remote and speculative. Mr. Poynter asks the Court to declare that *if* he succeeds in his state court action against Duff's Estate, then National Casualty is liable to Poynter because of Kentucky's "initial permission" rule. Whether National Casualty is liable to Poynter is therefore "a collateral legal issue governing certain aspects of . . .

4

pending or future suits." *Galluzzo v. Champaign Cnty. Ct. of Common Pleas*, 168 F. App'x 21, 25 (6th Cir. 2006) (quoting *Calderon v. Ashmus*, 523 U.S. 740, 747 (1998)).  Much must occur before the requested ruling is relevant or necessary.  And, depending on the outcome in state court, the ruling might never become relevant or necessary.  *See Hillard v. First Fin. Ins.*, 968 F.2d 1214, 2 (6th Cir. 1992) (Table) ("A controversy, to be justiciable, must be such that it can presently be litigated and decided and not hypothetical, conjectural, conditional or based upon the possibility of a factual situation that may never develop." (quoting *Rowan Co. v. Griffin*, 876 F.2d 26, 28 (5th Cir. 1989))).  Because Mr. Poynter seeks an advisory opinion on hypothetical facts, and not "specific relief through a decree of a conclusive character," the Court cannot issue the relief he requests.  *Haworth*, 300 U.S. at 240–41.

## C

This alone is fatal to his declaratory judgment request.  But even if it wasn't, his complaint suffers from another glaring problem: direct actions against insurers are prohibited in Kentucky.  *See Pryor v. Colony Ins.*, 414 S.W.3d 424, 432 (Ky. Ct. App. 2013) ("The prohibition of direct actions against insurers until liability has been established has remained the law in Kentucky.") (collecting cases); *Burns*, 2022 WL 289159, at *2 ("[A]n injured party cannot directly file suit against an insurer without a judgment against their insured."); *see also Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 566 (6th Cir. 2001) ("A federal court sitting in diversity applies the substantive law of the state in which it sits.").  Poynter's action against Duff's Estate remains pending in Rockcastle Circuit Court.  [R. 1.]  Hence, he does not have a judgment establishing Duff's liability.  Accordingly, he lacks standing and an actual controversy under the Declaratory Judgment Act.

**D**

Finally, even if the Declaratory Judgment Act applied to this action and the Court *could* grant declaratory relief, it would likely decline to do so. "[D]istrict courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995).

In the Sixth Circuit, courts generally decline to exercise jurisdiction over "'actions seeking an advance opinion on indemnity issues[.]'" *Bituminous Cas. Corp. v. J & L Lumber Co.*, 373 F.3d 807, 812 (6th Cir. 2004) (quoting *Manley, Bennett, McDonald & Co. v. St. Paul Fire & Marine Ins. Co.*, 791 F.2d 460, 463 (6th Cir. 1986)). Such rulings are "'seldom helpful in resolving an ongoing action in another court[,]'" and "'should normally be filed, if at all, in the court that has jurisdiction over the litigation which gives rise to the indemnity problem.'" *Id.* For all these reasons, the action will be dismissed without prejudice for lack of jurisdiction. *Thompson v. Love's Travel Stops & Country Stores, Inc.*, 748 F. App'x 6, 11 (6th Cir. 2018).

**III**

Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1. National Casualty Company's Motion to Dismiss **[R. 4]** is **GRANTED**;

2. This action is **DISMISSED without prejudice** and **STRICKEN** from the Court's active docket; and

3. A Judgment will be entered contemporaneously herewith.

This the 25th day of March, 2025.



Gregory F. Van Tatenhove
United States District Judge